WILLIAM U. MEIER et al., complainants-respondents,

v.

CHARLES H. MEIER et al., defendants-appellants.

[Argued May 19th, 1944.  Decided September 14th, 1944.]

*Mr. J. Chester Massinger,* for the complainants-respondents.

*Mr. Salvatore D. Viviano,* for the defendants-appellants.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This appeal questions the validity of an order of the Court of Chancery awarding possession of a certain dwelling house to the complainant.  The land and building were owned by the complainant and the defendant, as well as some others, who were admittedly tenants in common.  On April 18th, 1941, one of these such owners, the complainant, filed a bill to partition the premises.  All parties in interest were made defendants, among them Charles J. Meier, one of the tenants in common, and Anna, his wife.  A *lis pendens* was filed.

The premises were sold by a special master as directed by the final decree on October 20th, 1943, and the sale was later confirmed, whereupon a deed was delivered to the complainant who purchased the property at the sale. On December 7th, 1943, the new owner exhibited the deed to Charles J. Meier, then a tenant in occupancy, and demanded possession of the premises. Possession being refused, the complainant applied to the Chancellor and on January 31st, 1944, an order for possession, now under review, was awarded the complainant.

The appellant's brief states that the petition filed with the Chancellor in support of the claim for possession was not served upon him. There is nothing in the record to substantiate this. Indeed affidavits in opposition to the verified petition for possession appear in the state of case.

We are asked to set aside this order for possession because it is said that the cutting off of the tenancy runs counter to the Emergency Price Control Act and the regulations issued pursuant thereto (*1942, 50 U. S. C. Appendix 901,* &c.), which, among other things, saves a legitimate tenancy from termination save under circumstances not here present. We find no merit in this argument.

It is alleged in the petition for possession and not denied in the answering affidavits that at the time of the filing of the bill for partition and for some months after the bill had been filed the land and premises had been unoccupied. At that time, the place having been vacant for about ten months, the defendant, Charles J. Meier, one of the co-tenants, entered into possession of the premises by arrangement with the executors of his grandfather's estate. He paid a rental to his father, Charles H. Meier, and Mary E. Guenter, his aunt, who were such executors and who likewise were co-tenants.

It is not disputed but that the letting was accomplished without the knowledge of the complainant-petitioner, and that the terms of the letting were unknown to him until some time later when an accounting was filed by these executors.

Subsequent to the sale and confirmation a registration of the alleged tenancy was filed in the office of the Price Administrator and signed by Mrs. Guenter as agent of the estate of William Meier, deceased. Clearly, at the time of the filing

of this registration, the premises were not owned by the estate of William Meier and were not, so far as the proofs show, under the care of Mrs. Guenter as agent. The title of the property, prior to the sale, was in the several co-tenants. Petitioner alleged that the said Mrs. Guenter was not his agent in making the agreement for the letting of the premises and that anything done in this connection was without authority. Subsequently the office of Price Administrator "voided" the registration of the tenancy as appears by an exhibit attached to the petition for possession.

It is said by Charles (the tenant) that he entered into possession by virtue of an agreement with the executors on October 1st, 1941; that he agreed to pay $25 a month rent; that he paid the rent up to and including September, 1943, after which date he forwarded a check for the rent to the new owner, William U. Meier, the complainant, who returned it. The claim is that he was a tenant of the owners and that his occupancy was not that of a co-tenant. Mrs. Guenter's filed affidavit stated that she and her brother are the surviving executors of the estate of their father; that the property in question is the family homestead; that she and Charles had occupied it for some time as co-tenants; that subsequently she built her own home and vacated the premises. While Mrs. Guenter says that she managed the property up to the time it became vacant, as agent for all the co-tenants, she does not say that she made this tenancy agreement with the consent or approval of the complainant.

We think the order for possession was entirely right. No relationship of landlord and tenant ever existed between the occupant of the premises and all of the co-tenants. No claim is made that such relationship ever did exist. The office of the Price Administrator, after entertaining a statement of fact from both sides, voided the registration of the tenancy.

The case upon which the appellant relies to support his position—*Long Branch Banking Co.* v. *Howland, 133 N. J. Law 315*—furnishes no support for his complaint. The facts of that case were materially different.

We find no merit in the appeal and the order appealed from is affirmed.

484

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 15.

*For reversal*—None.